IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY C. GRIFFIN, | No. 2:15-cv-1776-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| S. PERRY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 10), petitioner's opposition (Doc. 12), and respondent's reply (Doc. 17). Petitioner requested additional time to file a response to respondent's reply (Doc. 19). However, such a pleading is not contemplated by the Federal Rules of Civil Procedure and should be denied.

**I.     BACKGROUND**

Petitioner is challenging his 2011 conviction out of the Sacramento County Superior Court. His conviction was affirmed by the California Court of Appeal in May 2013, and the California Supreme Court denied review on July 31, 2013. Petitioner filed a state habeas petition in the Sacramento Superior Court on October 22, 2014, which was denied on December

1

1 16, 2014. He then filed a petition in the California Court of Appeal on March 10, 2015, which
2 was denied on March 19, 2015. He filed his petition in the California Supreme Court on May 14,
3 2015, which was denied August 12, 2015. Finally, he filed his current petition in this court on
4 August 17, 2015.

5     **II.     MOTION TO DISMISS**

6         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to
7 dismiss a petition if it "plainly appears from the petition and any attached exhibits that the
8 petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing
9 Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in
10 lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being
11 in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
12 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
13 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
14 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.
15 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss
16 after the court orders a response, and the Court should use Rule 4 standards to review the motion.
17 See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has
18 exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

19         Respondent brings this motion to dismiss Petitioner's habeas corpus petition as
20 filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner
21 asserts that he is entitled to statutory tolling, and his petition should be considered timely filed.

22         The Antiterrorism and Effective Death Penalty Act (AEDPA) requires federal
23 habeas corpus petitions to be filed within one year from the later of: (1) the date the state court
24 judgment became final; (2) the date on which an impediment to filing created by state action is
25 removed; (3) the date on which a constitutional right is newly-recognized and made retroactive
26 on collateral review; or (4) the date on which the factual predicate of the claim could have been

discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the

time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture... 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Evans v. Chavis, 546 U.S. 189, 199 (2006)).

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2011 conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction in May 2013. The California Supreme Court denied review on July 31, 2013. As no petition for certiorari was filed, the statute of limitations commenced after the 90 day period of time for filing a petition for writ of certiorari, or October 30, 2013. The statute of limitations expired one year later, on October 29, 2014.

1  Petitioner filed his first state habeas petition on October 22, 2014.  He had
2  therefore used 357 days of the statue of limitations prior to filing his first petition.  That first
3  petition was denied on December 16, 2014, and his second state petition was not filed until
4  March 10, 2015, 84 days later.  That second petition was denied on March 19, 2015, and his third
5  state petition was filed May 14, 2015, 56 days later.  That third petition was denied on August
6  12, 2015, and his federal habeas petition was filed on August 17, 2015, 5 days later.

7  The question in this case is whether the 84 days between petitioner's first and
8  second state habeas petitions was unreasonable, thereby ending the tolling of the statute of
9  limitations.  If the delay is considered unreasonable, and the statute commenced running, the
10 statute of limitations would have expired prior to the filing of petitioner's second state petition
11 rendering his federal petition untimely.

12 Respondent contends a delay over 60 days is unreasonable, and the statute of
13 limitations recommenced upon the denial of petitioner's first state petition, on December 16,
14 2014.  Petitioner contends the 84 day delay was reasonable under the circumstances, and the
15 statute of limitations should have been tolled the entire time.  There is no question in this case, as
16 the parties seem to agree, that the normal 30-60 day delay between filings is considered
17 reasonable, thereby tolling the statute of limitations, and that any delay beyond the 30-60 window
18 must be supported by good cause in order for the tolling to continue.

19 Petitioner attempts to show good cause for his 84-day delay by arguing limited
20 access to the prison law library.  However, access to the prison law library is a burden every
21 prisoner faces.  It is not an unusual event, and it the type of hurdle that would have been known
22 and contemplated when establishing the statute of limitations in EDPA.  In addition, as
23 respondent argues, petitioner essentially states that the delay was in obtaining copies of his
24 petition, not for extensive research or due to the lack of specific legal materials as was in the
25 situation in some of the cases petitioner cites.  Obtaining copies of his petition did not require
26 actual library access, as there are means in which prisoners can obtain copies of their legal work

other than actual time in the law library.  Therefore, a delay of 84 days between the filing of his first and second state habeas petitions in order to obtain copies of his petition due to limited access to the law library is not considered good cause.  Accordingly, petitioner is not entitled to tolling during that delay, and his federal habeas petition is untimely.

### III.     CONCLUSION

The undersigned finds the petitioner's federal habeas petition was filed beyond the statute of limitations, and petitioner's 84-day delay between state habeas petition filings was not reasonable to entitled him to continued tolling.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 10) be granted, and petitioner's motion for extension of time (Doc. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2016

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE